**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARK ANDRES GREEN, *in propria persona*; and JANA RAE GREEN, *in propria persona*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; and FRED RICE, official capacity, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 10-CV-241-GKF-TLW |

## OPINION AND ORDER

Before the court is the "Motion for Emergency Stay - Injunction" [Dkt. # 1], filed by *pro se* plaintiffs Mark Andres Green and Jana Rae Green (the "Greens"). The court construes *pro se* filings liberally, but "it is [not] the proper function of the district court to assume the role of advocate of the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Greens present two arguments in support of their motion. First, the Greens assert they "have had fraudulent Notices of Federal Tax Liens ('NFTLs') and Levies filed against them," which do not have the "force and effect of law." [Dkt. # 1, pp. 1-2].[1] Second, the Greens assert defendant Fred Rice, Revenue Officer for the IRS, "has no authority by his own signature to make a determination that a Retirement Account can be Attached . . . ." [Dkt. # 1, p. 6 (citing 26 U.S.C. § 6332(c))]. "Therefore for these two issues *as a matter of law* an Injunction which the Greens reserve

---

[1] According the Greens, the Internal Revenue Service ("IRS") "claims there has been numerous '**Assessments**' against the Greens" as evidenced by the Notice of Levy and Notice of Federal Tax Lien the Greens attached to their Motion; however, "**no Assessment exists** or can exist" as the assessments are not in "accordance with the 'rules or regulations prescribed by the Secretary.'" [Dkt. # 1, p 3 (quoting 26 U.S.C. § 6203)].

the right to Amend should issue from this Court . . . ." [Dkt. # 1, pp. 6-7].[2]

The Anti-Injunction Act ("AIA") provides, in pertinent part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). "The purpose of the AIA 'is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Springer v. I.R.S. ex rel. United States*, 231 Fed.Appx. 793, 797-98 (10th Cir. 2007) (unpublished) (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125 (1962)).

"The Anti-Injunction Act is necessarily counterpoised in two ways: first, all taxpayers have the right to challenge a tax by filing a claim for a refund with the Internal Revenue Service, and in the event this fails, by commencing a suit for refund. 26 U.S.C. § 7422; second, the Supreme Court has recognized a two-tiered exception to the Anti-Injunction Act. *Wyo. Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930, 933 (10th Cir. 1996) (citing *Williams Packing*, 370 U.S. at 82 S.Ct. 1125 (1961)).[3] "The *Williams Packing* test allows an injunction of a tax where (1) it is clear that under no circumstances could the government ultimately prevail, and (2), equity jurisdiction would otherwise exist." *Id.* (citing *Alexander v. Americans United Inc.*, 416 U.S. 752, 758, 94 S.Ct. 2053, 2057 (1974)). The Tenth Circuit Court of Appeals has recognized that "if a taxpayer files a claim in a federal district court that falls within the ambit of the Anti-Injunction Act and no exception

---

[2] The court is unable to locate in the forty-two (42) page motion an identification of the content and scope of the injunction sought. It is apparent, however, that the Greens seek to enjoin enforcement of certain assessed taxes as identified in the Notice of Levy and Notice of Federal Tax Lien attached to their motion.

[3] The Greens make no reference to filing a claim or commencing a suit for refund.

applies, the court must dismiss the claim for lack of subject matter jurisdiction." *Rael v. Apodaca*, 210 Fed.Appx. 787, 790 (10th Cir. 2006) (unpublished) (citations omitted). Hence, the injunction sought by the Greens is prohibited by the AIA unless the Greens satisfy both tiers of the *Williams Packing* test.

With respect to the first tier, "the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed." *Williams Packing*, 370 U.S. at 7, 82 S.Ct. at 1129. Having considered the arguments contained in the Greens' motion and the material attached thereto, the court cannot conclude that *under no circumstances* could the government ultimately prevail. This is especially so since the Greens have not demonstrated compliance with the statutory review mechanisms for challenging liens or levies. 26 U.S.C. § 6320 (liens); 26 U.S.C. § 6330 (levies); *see Rael*, 210 Fed.Appx. at 790 (§ 6330 provides that the Tax Court has exclusive jurisdiction over appeals of levy determinations with respect to cases involving income taxes).

As to the second tier, "an adequate remedy at law will preclude the exercise of equity jurisdiction." *Springer*, 231 Fed.Appx. at 798 (citing *Wyoming Trucking Association*, 82 F.3d at 935). As addressed above, statutory remedies (*i.e.*, right to request hearing by IRS and appeal to Tax Court) exist for challenging liens or levies. The Tenth Circuit has recognized these legal remedies as adequate. *Id.* In addition, money damages are available where an IRS employee intentionally, recklessly, or negligently disregards the law in connection with any collection of federal tax and the plaintiff has exhausted administrative remedies. *Pollinger v. I.R.S. Oversight Bd.*, 2010 WL 145104,

3

at * 7 (11th Cir.) (unpublished) (citing 26 U.S.C. § 7433). The Greens have not shown the absence of an adequate legal remedy and this failure precludes this court's equity jurisdiction.

Satisfaction of both the first and second tier are required to trigger the *Williams Packing* exception to the AIA. *Alexander*, 416 U.S. at 758, 94 S.Ct. at 2057 ("Unless both conditions are met, a suit for preventive injunctive relief must be dismissed.").

Upon review, the Greens seek an injunction which is prohibited by the AIA. The Greens have failed to show the *Williams Packing* exception applies to the injunction they seek. Therefore, this court lacks subject matter jurisdiction over the Greens' action for an injunction and the action must be dismissed. *Williams Packing*, 370 U.S. at 7, 82 S.Ct. at 1129; *Rael*, 210 Fed.Appx. at 790.[4]

WHEREFORE the "Motion for Emergency Stay - Injunction" [Dkt. # 1] filed by plaintiffs Mark Andres Green and Jana Rae Green is denied.

This action is dismissed for lack of subject matter jurisdiction.

---

[4] While the Greens certify a copy of the instant motion was mailed to Eric Holder, Attorney General of the United States; Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma; and defendant Fred Rice, Revenue Officer for the IRS. [Dkt. # 1, p. 43], the docket does not indicate the Greens have accomplished service of process, and defendants have not entered an appearance in this case. Regardless, "a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction." *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at * 1 (D.C.Cir. April 2, 2010) (unpublished) (citing cases); *see* Fed.R.Civ.P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)); *Zernial v. United States*, 714 F.2d 431, 433-34 (5th Cir. 1983) (where, as here, a claim for injunctive relief was barred by Anti-Injunction Act, 26 U.S.C. § 7421(a), affirming dismissal prior to service on defendants as "[s]ua sponte dismissal for lack of subject-matter jurisdiction is, of course, proper at any stage of the proceedings."). Indeed, a federal court "will raise lack of subject-matter jurisdiction on its own motion" and "the consent of the parties is irrelevant." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104 (1982); *see Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974) (a court lacking jurisdiction "must dismiss the cause *at any stage of the proceeding* in which it becomes apparent that jurisdiction is lacking."(emphasis added)).

IT IS SO ORDERED this 30th day of April, 2010.

_____
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma